UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM TERRYBERRY,<br><br>                Plaintiff,<br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; DOES I through XX, inclusive; and/or ROE CORPORATIONS I through XX, inclusive,<br><br>                Defendants. | Case No.: 2:13-cv-00658-GMN-CWH<br><br>**ORDER** |

Pending before the Court is a Motion for Summary Judgment (ECF No. 26) filed by Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"). Plaintiff William Terryberry ("Terryberry") filed a Response (ECF No. 29) and Liberty Mutual filed a Reply (ECF No. 34). For the reasons discussed below, the Motion for Summary Judgment is **GRANTED**.

**I.     BACKGROUND**

This case arises out of a motor vehicle accident that occurred on January 17, 2012. (Am. Compl. ¶ 5, ECF No. 1-1). Terryberry alleges that on the day of the accident, he was conducting maintenance on a sign that was located on Interstate 15. (Terryberry Dep. 30:16–24, ECF No. 29-1). While working, Terryberry was involved in an accident with a motor vehicle driven by an uninsured motorist. (Am. Compl. ¶ 5, ECF No. 1-1). The uninsured motorist struck a vehicle owned by Terryberry's employer, Las Vegas Paving, Inc. (hereinafter "LVP"). (*Id*). As a result of the impact, the LVP vehicle and a temporary traffic sign both struck Terryberry, causing injuries. (*Id*). Terryberry admits that at the time of the accident, he was not

inside, but rather at least ten feet away from the LVP vehicle. (Terryberry Dep. 31:8–21, ECF No. 29-1).

At the time of the accident, LVP had an automobile insurance policy ("Policy") through Liberty Mutual. (*See* Policy at 4, ECF No. 26-2). Terryberry filed a claim under the uninsured motorist provisions of the Policy for his injuries resulting from the accident, but Defendant has not accepted or denied his claim. (Am. Compl. ¶¶ 7, 8, 11, ECF No. 1-1).

Terryberry initially brought the instant suit on March 11, 2013, in the Eighth Judicial District Court for the State of Nevada, alleging three causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violations of Nevada's Unfair Claims Practice Act. (*Id.* ¶¶ 11, 16, 22). Liberty Mutual removed the case to this Court. (Petition for Removal, ECF No. 1).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   DISCUSSION

Liberty Mutual argues that Terryberry's claims for uninsured motorist coverage fail as a matter of law because Terryberry was a pedestrian at the time of the accident and not covered pursuant to the language of the Policy. (Def's MSJ 3:3–5, ECF No. 26).  The pertinent parts of the uninsured motorist provision of the Policy provide as follows:

> **B. Who Is An Insured**
> If the Named Insured is designated in the Declaration as: …
> > 2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
> > > a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered auto. …
>
> **F. Additional Definitions**
> As used in this endorsement: …
> > 2. "Occupying" means in, upon, getting in, on, out or off.

(Policy at 30, 32, ECF No. 29–3).  Accordingly, Liberty Mutual argues that Terryberry was merely a pedestrian and not occupying the vehicle as defined in the Policy because Terryberry was working ten feet away from the vehicle and not "in, upon, getting in, on, out or off" his employer's vehicle.

Terryberry counters that the term "occupying" is subject to different interpretations, making the Policy vague and ambiguous. (Response 7:23–25, ECF No. 29).  Additionally, Terryberry asserts that, because the Policy is vague and ambiguous, he had a reasonable expectation of coverage. (*Id.* 8:24–27).

Interpretation of an insurance contract is a question of law. *Farmers Ins. Exch. v. Neal*, 64 P.3d 472, 473 (Nev. 2003). "An insurance policy is a contract that must be enforced to its terms to accomplish the intent of the parties." *Id.* Any ambiguity in an insurance policy should be interpreted against the drafting party, the insurer, and in favor of the insured. *Neumann v. Standard Fire Ins.*, 699 P.2d 101, 104 (1985) (citing *Yosemite Ins. Co. v. State Farm Mut.*, 653 P.2d 149 (1982). However, unambiguous terms should not be rewritten. *Neal*, 64 P.3d at 473. "An insurance policy is to be judged from the perspective of one not trained in law or in insurance, with the terms of the contract viewed in their plain, ordinary and popular sense." *Nat'l Union Fire Ins. Co. v. Reno's Executive Air*, 682 P.2d 1380, 1382 (1984).

Viewing the terms of the Policy in their plain, ordinary, and popular sense, as from the perspective of one not trained in law or insurance, the Court finds that the Policy is neither vague nor ambiguous. It is undisputed that Terryberry was at least ten feet from his employer's vehicle when the accident occurred. Terryberry was clearly not "in, upon, getting in, on, out or off" the covered vehicle at the time of the accident. Terryberry was not covered as an insured under the Policy at the time of the accident because he was not occupying a covered vehicle; therefore, his cause of action for breach of contract fails.

It follows then that Terryberry's second and third causes of action for alleged breach of the implied covenant of good faith and fair dealing and violations of Nevada's Unfair Claims Practice Act also fail. Classification as an "insured" under the insurance policy is a prerequisite for a bad faith claim. *See Bergerud v. Progressive Cas. Ins.*, 453 F.Supp.2d 1241, 1248 (D. Nev. 2006) (concluding that "Nevada would agree with other jurisdictions and extend the covenant of good faith and fair dealing to a non-contracting party whom the policy defines as "insured" and is a claimant for his own benefits"). Likewise, Terryberry's cause of action for violations of Nevada's Unfair Claims Practice Act cannot survive because Terryberry was not a contracting party to the Policy and was not an "insured" under the Policy at the time of the

accident because he was not occupying a covered vehicle. *Crystal Bay General Imp. Dist. v. Aetna Cas. & Sur. Co.*, 713 F.Supp. 1371, 1376 (D. Nev. 1989) (holding that Nevada's Unfair Claims Practice Act "created no private right of action in favor of third party claimants against the insurer"); *see also Bergerud*, 453 F.Supp.2d at 1250 (holding that "only third-party claimants and parties without a contractual relationship with an insurer cannot assert a claim under the Unfair Claims Act").

Therefore, because the Court finds that Terryberry was not covered as an insured under the Policy at the time of the accident as a matter of law, no genuine issues of fact exist that could entitle Terryberry to damages. Liberty Mutual is entitled to judgment as a matter of law on all claims.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 26) filed by Defendant Liberty Mutual Fire Insurance Company is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment (ECF No. 51) is **DENIED** as **MOOT**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __22__ day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge