UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM TERRYBERRY, | |
| Plaintiff, | Case No. 2:13-cv-00658-GMN-CWH |
| vs. | **REPORT AND RECOMMENDATION** |
| LIBERTY MUTUAL FIRE INS. CO., | |
| Defendant. | |

This matter was referred to this Court on Plaintiff William Terryberry's ("plaintiff") motion to retax costs (doc. # 62), filed October 13, 2014, Defendant Liberty Mutual Fire Insurance Company's response (doc. # 67), filed October 30, 2014, and plaintiff's reply (doc. # 69), filed November 10, 2014.

**BACKGROUND**

This case arises from a motor vehicle accident that occurred on January 17, 2012. See Doc. # 1-1. Plaintiff alleges he was working on the day of the accident along Interstate 15. See Doc. # 29-1. While working, plaintiff alleges his company vehicle, owned by Las Vegas Paving, Inc., was struck by an uninsured motorist. See Doc. # 1-1. As a result of the impact, plaintiff, who was at least ten feet away from his company vehicle, was injured by that vehicle and a temporary traffic sign. Id.; Doc. # 29-1. At the time of the accident, plaintiff had an auto insurance policy ("policy") through defendant. See Doc. # 26-2. Plaintiff filed a claim under the uninsured motorist provision of the policy for injuries suffered, but defendant denied his claim. See Doc. # 1-1. Plaintiff brought this

action as a result of defendant's denial of the policy claim.

Plaintiff filed the instant action in state court on March 11, 2013. See Doc. # 1-1. Defendant then removed the case to this Court. See Doc. # 1. On December 6, 2013, defendant filed a motion for summary judgment and, subsequently, a motion for partial summary judgment. See Doc. # 26; Doc. # 51. The Court granted the first motion, but denied the second motion as moot. See Doc. # 59. Thereafter, plaintiff filed the instant motion. See Doc. # 62.

## DISCUSSION

### 1. Legal Standard

Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54 (d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Assoc. Of Mex. Am. Educators v. State of Cal., 231 F. 3d 572, 591 (9th Cir. 2000). In deciding whether to award costs, a district court looks to whether the losing party sufficiently demonstrates "why costs should not be awarded." Save Our Valley v. Sound Transit, 335 F. 3d 932, 944-45 (9th Cir. 2003).

The district court "must 'specify reasons' for its refusal to award costs to the losing party," but need not "specify reasons for its decision to abide [by] the presumption and tax costs." Assoc. Of Mex. Am. Educators, 231 F. 3d at 591; Save Our Valley, 335 F. 3d at 945. The Ninth Circuit has held that a court can deny costs based on: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on future civil rights litigants; (4) the close and difficult issues presented by a case; (5) the prevailing party's nominal or partial recovery; (6) the losing party's good faith effort to litigate the case; and (7) the landmark issues or national importance of a case. See Champion Produce, Inc. v. Ruby Robinson, Co., 342 F. 3d 1016, 1022 (9th Cir. 2003). Moreover, costs "are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." Escriba v. Foster Poultry Farms, Inc., 743 F. 3d 1236, 1248 (9th Cir. 2014). As a general rule, however, even "a plaintiff proceeding in forma pauperis is not protected from the taxation of costs to which a prevailing [party] is entitled." Warren

v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

Once a prevailing party submits a bill of costs, Local Rule 54-13 provides that "[a]ny objection... shall be filed and served no later than fourteen (14) days after service of the bill of costs." LR 54-13(a). Further, the FRCP provides that the Clerk of Court "may tax costs on 14 days' notice." Fed. R. Civ. P. 54 (d)(1). Following the Clerk of Court's taxation of costs, a losing party may file and serve a motion to retax "within seven (7) days after receipt of the notice [of the clerk's taxation of costs]." LR 54–14. "On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54 (d)(1).

**2.     Analysis**

Defendant contends that plaintiff's motion to retax costs should be denied, as the motion is improper and premature. Defendant explains that plaintiff erroneously filed his motion because motions to retax are generally filed after the Clerk of Court issues a notice of taxation of costs, which has not yet occurred in the instant case. Defendant admits, however, that plaintiff properly filed objections to defendant's bill of costs, although plaintiff filed his objections after filing his motion to retax. Plaintiff, in response, admits he filed his motion to retax "early," but asks the Court to consider his motion anyway.

The Court denies plaintiff's request. Because the Clerk of Court has not yet entered a notice of taxation in the instant case, Local Rule 54-14 makes clear that plaintiff's motion to retax is not properly before this Court. See LR 54-14 (Losing party may file and serve a motion to retax "within seven (7) days after receipt of the notice [of the clerk's taxation of costs]") (emphasis added)). While plaintiff asks the Court to consider his motion anyway, this request is unreasonable because plaintiff asks the Court to review costs that have not yet been taxed by the Clerk of Court. Given such, this Court recommends denying plaintiff's motion to retax, without prejudice, and directing the Clerk of Court to enter notice of defendant's taxation of costs.

**CONCLUSION AND RECOMMENDATION**

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion to retax costs (doc. # 62) be **denied without prejudice**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be directed to enter notice of

defendant's taxation of costs.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the district court's order and/or appeal factual issues from the order of the district court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 24, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**