UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM TERRYBERRY, ) | |
| ) | Case No. 2:13-cv-00658-GMN-CWH |
| Plaintiff, ) | |
| ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| LIBERTY MUTUAL FIRE INS. CO., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter was referred to this Court on Plaintiff William Terryberry's ("plaintiff") motion to retax costs (doc. # 74), and Defendant Liberty Mutual Fire Insurance Company's ("defendant") motion to retax costs (doc. # 75). Also before the Court are the parties' responses (docs. # 76, # 77) and replies (docs. # 78, # 79).

**BACKGROUND**

The case arises from a motor vehicle accident that occurred on January 17, 2012. See Doc. # 1-1. Plaintiff alleges he was working on the day of the accident along Interstate 15. See Doc. # 29-1. While working, plaintiff alleges his company vehicle, owned by Las Vegas Paving, Inc., was struck by an uninsured motorist. See Doc. # 1-1. As a result of the impact, plaintiff, who was at least ten feet away from his company vehicle, was injured by that vehicle and a temporary traffic sign. Id.; Doc. # 29-1. At the time of the accident, plaintiff had an auto insurance policy ("policy") through defendant. See Doc. # 26-2. Plaintiff filed a claim under the uninsured motorist provision of the policy for injuries suffered, but defendant denied his claim. See Doc. # 1-1. Plaintiff brought this

1  action as a result of defendant's denial of the policy claim.

2  Plaintiff filed the instant action in state court on March 11, 2013. See Doc. # 1-1. Defendant removed the case to this Court on April 18, 2013. See Doc. # 1. Defendant then filed a motion for summary judgment and a motion for partial summary judgment. See Doc. # 26; Doc. # 51. The Court granted the first motion, but denied the second motion as moot. See Doc. # 59. Thereafter, plaintiff filed a motion to retax costs, which this Court denied because the motion was prematurely filed. See Docs. # 62, # 70, # 71. The parties now bring the instant motions.

## DISCUSSION

### 1.    Legal Standard

Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54 (d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Assoc. Of Mex. Am. Educators v. State of Cal., 231 F. 3d 572, 591 (9th Cir. 2000). In deciding whether to award costs, a district court looks to whether the losing party sufficiently demonstrates "why costs should not be awarded." Save Our Valley v. Sound Transit, 335 F. 3d 932, 944-45 (9th Cir. 2003).

The district court "must 'specify reasons' for its refusal to award costs to the losing party," but need not "specify reasons for its decision to abide [by] the presumption and tax costs." Assoc. Of Mex. Am. Educators, 231 F. 3d at 591; Save Our Valley, 335 F. 3d at 945. The Ninth Circuit has held that a court can deny costs based on: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on future civil rights litigants; (4) the close and difficult issues presented by a case; (5) the prevailing party's nominal or partial recovery; (6) the losing party's good faith effort to litigate the case; and (7) the landmark issues or national importance of a case. See Champion Produce, Inc. v. Ruby Robinson, Co., 342 F. 3d 1016, 1022 (9th Cir. 2003). Moreover, costs "are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." Escriba v. Foster Poultry Farms, Inc., 743 F. 3d 1236, 1248 (9th Cir. 2014). As a general rule, however, even "a plaintiff proceeding in forma

pauperis is not protected from the taxation of costs to which a prevailing [party] is entitled." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

Once a prevailing party submits a bill of costs, Local Rule 54-13 provides that "[a]ny objection... shall be filed and served no later than fourteen (14) days after service of the bill of costs." LR 54-13(a). Further, the FRCP provides that the Clerk of Court "may tax costs on 14 days' notice." Fed. R. Civ. P. 54 (d)(1). Following the Clerk of Court's taxation of costs, a losing party may file and serve a motion to retax "within seven (7) days after receipt of the notice [of the clerk's taxation of costs]." LR 54–14. "On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54 (d)(1).

**2.     Analysis**

Defendant takes issue with the Clerk of Court's assessment of costs for a number of categories, explaining that it is entitled to the total costs sought because those costs were reasonably and necessarily incurred in defending against plaintiff's claims. Plaintiff, in opposition, argues that defendant is not entitled to any of the costs requested because: (1) plaintiff is indigent; (2) defendant's affidavit in support of its memorandum of costs lacks the language necessary to make it technically compliant; and (3) the Clerk of Court erred in calculating some costs.

**a.     Plaintiff's Indigence**

Plaintiff seeks relief from his obligation to pay any costs to defendant. Plaintiff represents that he is a single father, who also takes care of his disabled mother, and any payment of costs would be a "severe hardship" for him. Plaintiff then contends that defendant is worth "millions and millions more" than plaintiff and requiring an indigent, such as plaintiff, to pay defendant, a million dollar insurance company, would have a chilling effect on future access to the courts in these cases that have significant public value.

Courts may consider a plaintiff's financial situation in determining whether to reduce an award of costs. See Stanley v. Univ. of S. California, 178 F.3d 1069, 1079 (9th Cir. 1999). Courts will not disturb a properly awarded bill of costs "absent substantial documentation of a true inability to pay" at this time or in the future. Thomasson v. GC Servs. Ltd. P'ship, No. 05CV0940-LAB (CAB), 2007 WL 3203037, at *4 (S.D. Cal. Oct. 29, 2007). An inadequate showing of indigence will not shield

a plaintiff from his or her obligation to pay costs. Id.

The Court finds that plaintiff's mere assertions are sorely inadequate to demonstrate indigence or a "severe hardship" that would warrant relief from plaintiff's obligation to pay costs. Without proof of indigence, the Court need not consider whether requiring plaintiff to pay costs in this case would have a chilling effect on future litigation that purportedly has significant public value. Further, while there may be some financial disparity between the parties, the Court is reluctant to retax costs on the sole basis that defendant is worth "millions more" than plaintiff. As such, the Court denies plaintiff's request to be relieved from paying costs on the basis of indigence.

### b. Defendant's Affidavit

Plaintiff contends that defendant is not entitled to costs because defendant failed to use specific language in its affidavit stating that the costs were "correct" and made "actually and necessarily," pursuant to 28 U.S.C. § 1924.

A review of the affidavit at issue (doc. # 61 at 2-5) reveals that defense counsel used the language "true and correct" and "correct and necessarily incurred." While defense counsel may not have used the term "actually" in the affidavit, this Court will not deny costs to defendant on that basis, especially since the affidavit is clear in conveying the critical notion that the bill of costs submitted is true, correct, necessarily incurred, and incurred by defendant in this litigation. As such, the Court denies plaintiff's request to be relieved from paying costs on this basis.

### c. Costs

The Court now turns to each category of costs disputed by the parties.

#### i. Subpoenas

The Clerk of Court awarded only $771.50 of the requested $1,697.65, explaining that there was no authorization to incur additional charges for serving subpoenas on an expedited basis, or for unexplained charges.

Defendant contends that it is entitled to at least the $771.50[1] calculated by the Clerk of Court

---

[1] Defendant asks for $717.50, which was likely in error, as it is less than the $771.50 calculated by the Clerk of Court. See Doc. # 75 at 9 (defendant requesting the amount of $717.50).

or, in the alternative, an additional $192.00,[2] which covers the base charges for service of four other subpoenas not taxed by the Clerk of Court.

Plaintiff, in opposition, argues that defendant is not entitled to the four service fees that were incurred for expediting service, as these fees are purportedly "far more than [defendant] should be entitled to." Doc. # 77 at 8.

The Court agrees with plaintiff, but finds that defendant is entitled to the base fees for service of the four subpoenas. As such, the Court concludes that defendant is entitled to an additional $192.00, which brings the total amount allowed to $963.50.

### ii.   Expert

The Clerk of Court awarded only $40.00 of the requested $5,038.00, explaining that there was no authorization to obtain an expert witness in this case. The Clerk of Court therefore allowed only the statutory rate of $40.00 for a testifying witness.

Defendant contends that it is entitled to the full amount sought in light of <u>Gorelangton v. City of Reno By and Through City of Reno Council of Councilpersons</u>, 638 F. Supp. 1426 (D. Nev. 1986), which purportedly held that reasonable fees of an expert witness may be taxed when the expert's testimony is material to an issue tried. Because defendant's expert reviewed plaintiff's medical records to evaluate plaintiff's compensatory damages claim, defendant contends that it is entitled to the amount sought under <u>Gorelangton</u>.

Plaintiff, in opposition, argues that defendant is not entitled to the full amount sought because "absent contract or explicit authority to the contrary... a federal court may not shift expert witness fees, except in the amount allowed by 28 U.S.C. § 1821(b)... that... is... $40.00 per witness per day." Doc. # 77 at 9 (citing <u>Agredano v. Mut. of Omaha Companies</u>, 75 F.3d 541, 542-43 (9th Cir. 1996)).

Local Rule 54-5 informs this dispute, as it explicitly states that "[n]o party shall receive witness fees for testifying in that party's own behalf" unless "a party is subpoenaed to attend Court by the opposing party." Civ.Loc.R. 54-5(c). Moreover, Local Rule 54-5 states that "[f]ees for expert witnesses are not taxable in a greater amount than statutorily allowable for ordinary witnesses unless

---

[2] $48.00 (of $207.50) + $48.00 (of $165.00) + $48.00 (of $145.00) + 48.00 (of $200.00) = $192.00. <u>See</u> Docs. # 61 at 3, # 61-1 to # 61-5.

1 authorized by contract or a specific statute." Id. "[A]bsent explicit statutory or contractual
2 authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound
3 by the limitations set out in 28 U.S.C. §1821 and §1920." Crawford Fitting Co. v. J.T. Gibbons, Inc.,
4 482 U.S. 437, 445 (1987). Section 1821 allows witness attendance fees of $40.00 per day, including
5 travel and mileage, while § 1920 provides for "[c]ompensation of court appointed experts." See 28
6 U.S.C. §1821 (b)-(c), §1920.

Here, defendant fails to cite explicit statutory or contractual authorization for the taxation of expert costs. Defendant also fails to demonstrate that its expert was either appointed by the Court or subpoenaed by plaintiff to attend Court. As it stands, therefore, defendant is not entitled to expert fees in excess of the $40.00 taxed by the Clerk of Court.

### iii. Exemplifications and Copies

The Clerk of Court awarded nothing from the requested $283.12 for exemplification and copy costs, claiming the nature of the expenses charged was never explained.

Defendant contends that it is not required to divulge privileged information to demonstrate the specific nature of the charges.

Plaintiff, in opposition, argues that the Clerk of Court properly disallowed the amount requested because defendant failed to provide an itemization of the costs requested. Plaintiff also points out that not every copy made would have been between counsel and client, and defendant should have prepared a privilege log to specify any privileged material.

Local Rule 54-6 makes clear that not every cost may be recovered and that an "itemization of costs claimed" must be attached to the cost bill. Civ.Loc.R. 54-6(a). An itemization of costs that includes an explanation of each cost is necessary because it informs the Clerk of Court whether the costs charged are recoverable. While defendant claims it need not provide this information because such information is purportedly privileged, the Court disagrees and finds that defendant could have easily described the nature of each cost to demonstrate how the exemplification or copy was used, along with the necessity of the costs incurred, without going into detail about privileged material. Consequently, the Court finds that the Clerk of Court properly assessed costs in this case.

//

### iv. Other Costs

The Clerk of Court awarded nothing from the requested $2,782.86 for "other costs," claiming that: (1) no provision under the federal rules or local rules allows for **research costs**; (2) it is unable to determine if the costs for **transportation and parking** are appropriate for taxation; (3) routine case papers from **PACER** are not allowable; and (4) the purpose of the charges for **documents requested** was not provided or specifically explained.

Defendant contends that it is entitled to costs sought under Local Rule 54-1, NRS 18.005, and Gorelangton, which purportedly allow recovery for reasonable costs that were actually and necessarily incurred by a prevailing party. Defendant also contends that it provided an itemization, where available, for the requested costs, and adds that the local rules provide a non-exhaustive list of permissible costs. Defendant then contends that costs associated with its document requests should be awarded because Nevada law requires insurers to be proactive in continuously evaluating and resolving claims in a prompt manner, and developing standards to guarantee the same. Defendant further contends that it is not required to produce documents it requested to evaluate and resolve plaintiff's claims.

Plaintiff, in opposition, argues that the requested costs are unreasonable and do not satisfy, or are contrary to, the costs specified under 28 U.S.C. §§ 1920, 1921, 1923, and Local Rules 54-2 through 54-11. Plaintiff also points out that defendant never produced the documents for which it now seeks costs and therefore plaintiff should not be expected to pay such costs. Plaintiff then argues that while defendant claims it obtained documents about plaintiff to be proactive in evaluating and resolving plaintiff's claims, defendant never formally denied coverage and only denied coverage in its motion for summary judgment almost two years later. Plaintiff adds that had defendant fully evaluated plaintiff's claims from the onset, when plaintiff begged it to, defendant may not have been required to defend against the instant lawsuit.

The Court finds that legal research, facsimile charges, and PACER charges are not taxable costs "under local rules, or by custom" and are "more properly considered as... component[s] of attorney fees." Mohammadkhani v. Anthony, No. 2:02-CV-00095-KJD, 2010 WL 3636209, at *1 (D. Nev. Sep. 8, 2010). Travel expenses, which would include parking, are also not taxable costs. Id. In

addition, fees for records obtained are not taxable by custom, under this Court's local rules, or under 28 U.S.C. §1920. As such, the Court concludes that defendant is not entitled to any of the costs sought.

### v. Prejudgment Interest

The Clerk of Court awarded nothing from the requested 5.25% prejudgment interest, i.e., $667.83, claiming there is no authority to support such a request.

Defendant contends that it is entitled to the amount sought, which plaintiff does not specifically oppose in any of its briefs. See Docs. # 74, # 77, # 78.

The Court awards prejudgment interest in the amount of $209.27, which is 5.25% of the total costs of $3,986.10.

### CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion to retax costs (doc. # 74) be **denied**.

**IT IS FURTHER RECOMMENDED** that defendant's motion to retax costs (doc. # 75) be **granted in part and denied in part**.

**IT IS FURTHER RECOMMENDED** that defendant's costs be retaxed at $4,195.37.[3]

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 3, 2015

C.W. Hoffman, Jr.
United States Magistrate Judge

---

[3] $3,986.10 (total costs) + $209.27 (prejudgment interest) = $4,195.37